IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRENDAN PEMBERTON, PRO SE, § | |
| A.K.A. ONESIMUS MAVEN KIDD, § | |
| TDCJ-CID No. 566257, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:05-CV-0046 |
| § | |
| NFN NUNN and NFN SCOTT, § | |
| § | |
| Defendants. § | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff BRENDAN PEMBERTON, a.k.a. ONESIMUS MAVEN KIDD, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and was granted permission to proceed in forma pauperis.

Plaintiff claims defendant NUNN arranged for plaintiff to be beaten and molested while on the Clements Unit. He says he was placed in high security where the guards called him a child molester and gave him inedible food for eleven and one-half months. Plaintiff states he was beaten for two weeks by a cellmate until he cut his left wrist to escape his cellmate's sexual advances and abuse. Plaintiff alleges he was then housed with an inmate who subjected him to mental abuse for five weeks and then was housed with another inmate who broke his nose and left forearm. Plaintiff states his arm was broken in July of 2003 and he has since been "unable to speak with a medical doctor willing to help [him]." Plaintiff complains his arm was not set or placed in a plaster cast and he was left in high security from July 2003 until April 2004. Plaintiff also states he was abused by "security" on two occasions, in April of 2003 and June of 2004, and needed hospitalization for his injuries. Plaintiff requests protection and to see a doctor about his broken arm.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Civil Rights of Institutionalized Persons Act, Title 42, United States Code, section 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [Title 42, United States Code, section 1983,] or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In his Complaint, plaintiff made no response to section III of the complaint form asking whether the plaintiff has exhausted both steps of the grievance procedure and did not plead exhaustion. By the February 14, 2005 Notice of Deficiency Order, plaintiff was instructed

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

to inform the Court whether he had exhausted both steps of the grievance procedure concerning the claims asserted in the instant cause and to submit a copy of each Step 2 grievance showing the response by prison officials.

On March 4, 2005, plaintiff submitted two grievances, Step 1 #2005005153 and Step 2 #2004219062.

Plaintiff did not make any representation concerning whether he had exhausted administrative remedies and made no response to the Court's order that he inform the Court whether he had exhausted the grievance procedure concerning his claims.

Because the Texas prison system utilizes a two-step grievance system in which a denial at step 1 may be appealed and receive further consideration at step 2, a step 1 grievance alone does not pursue administrative remedies to conclusion and does not constitute exhaustion of administrative remedies. *See*, *e.g.*, *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Consequently, plaintiff's step 1 grievance #2005005153 did not exhaust administrative remedies with respect to the complaints asserted therein.

Review of the response to Step 2 grievance #2004219062 reveals it addressed plaintiff's medical care complaints but further noted plaintiff had "raised additional complaints in Step 2 which were not previously addressed at Step 1. These complaints must first be addressed at the lower level." Consequently, it appears plaintiff has exhausted administrative remedies only with respect to his complaints concerning medical care.

Further, review of Step 2 grievance #2004219062 reveals it does not provide factual details necessary to allow the investigation of plaintiff's additional complaints. Plaintiff only asserts he was beaten and molested by inmates and beaten and abused by guards, but he fails to provide essential information such as the identity of or identifying information for the inmates and guards or the dates or even descriptions of any specific instances. It is clear that this grievance would not allow officials the opportunity to address these complaints internally and is

not sufficient to exhaust administrative remedies on these claims. *Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004).

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims, other than his claims concerning medical treatment, lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## MEDICAL TREATMENT

Plaintiff alleges no fact to connect his claims concerning medical treatment with either defendant NUNN or defendant SCOTT. Further, plaintiff does not make any argument that either defendant is responsible for his medical care.

Plaintiff's brief complaints that he has been "unable to speak with a medical doctor willing to help [him]" and that his broken arm was never set or placed in a plaster cast are fleshed out by additional facts he has provided in his grievances. In his Step 1 grievance #2005005153, plaintiff states that he has "seen people but only for a few minutes and they never do any thing more than prescribe [him] Naproxen and dismiss [him]." In his Step 2 grievance #2004218962, plaintiff states he "had a dozzen [sic] x-rays and was given Naparoxen [sic]," filed a grievance on his first doctor, and was then seen by a second doctor who instructed the first to give plaintiff a brace for his arm and a permanent bottom bunk pass, as well as another appointment for plaintiff to see him. Plaintiff says that when he came back for that appointment, he was told that doctor was on vacation and had to see another one.

It is clear that plaintiff has received medical care for his arm and has seen at least two doctors. Further, plaintiff's arm has been x-rayed more than once and he was given a brace and a bottom bunk pass, as well as Naproxen. Plaintiff is dissatisfied with the medical care he has received. The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106,

97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care.  *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997).  Plaintiff's own allegations, especially when fleshed out with the facts he alleges in his grievances, show that he has been given medication to relieve the pain; has received diagnostic tests, *i.e.*, x-rays, to determine the extent of his injury; has seen more than one doctor concerning treatment of that injury; and has received treatment in the form of a brace, but not a plaster cast.  It is clear plaintiff's suit is based on a difference of opinion as to the proper course of treatment; however, this disagreement is not sufficient to support a claim under section 1983.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).  Plaintiff has utterly failed to allege any fact supporting deliberate indifference to his serious medical need by anyone or to connect any deficiencies in his medical care to either of the named defendants.

## CONCLUSION

Plaintiff's claims, other than his claims concerning medical treatment of his arm, are barred by plaintiff's failure to comply with the section 1997e exhaustion of administrative remedies requirement before filing the instant suit challenging prison conditions.  Further, because they presently lack an arguable basis in law, they are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  Plaintiff's remaining claims fail to state a claim against either defendant on which relief can be granted.

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, AS FRIVOLOUS AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN

IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b). *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

    LET JUDGMENT BE ENTERED ACCORDINGLY.

    Amy pending motions are DENIED.

    The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

    IT IS SO ORDERED.

    ENTERED this __23rd__ day of June, 2005.

              /s/ Mary Lou Robinson
              MARY LOU ROBINSON
              UNITED STATES DISTRICT JUDGE